# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

CHRISTOPHER BACA

        Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

        Defendant.

---

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and D.C.COLO.LCivR.81.1, Defendant United Parcel Service, Inc. ("UPS") hereby removes to this Court the state court action described below.

### A. Procedural Background and Compliance

    1.    On February 11, 2026, Plaintiff Christopher Baca commenced an action in the District Court for Adams County, Colorado, entitled *Christopher Baca v. United Parcel Service, Inc.,* 2026CV33 ("State Action").

    2.    The complaint in the State Action alleges purported causes of action against UPS for violation of the Colorado Anti-Discrimination Act and intentional infliction of emotional distress.

    3.    Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR.81.1(b), a complete copy of the file from the State Action is attached hereto along with true and correct copies of the following:

    a. Current Docket Sheet from the State Action (**Exhibit A)**

    b. Motion to Proceed in Forma Pauperis[1]

    c. Order re Court Fees (**Exhibit C**)

    d. Complaint (**Exhibit D**)

    e. Civil Case Cover Sheet ("CCS") (**Exhibit E**)

    f. District Court Civil Summons (**Exhibit F**)

    g. Return of Service (**Exhibit G**)

4. Pursuant to D.C.COLO.LCivR.81.1(b) and (c), UPS states that there are no pending motions or petitions in the State Action to be filed separately, and there are no pending hearings in the State Action.

5. UPS now removes the State Action under 28 U.S.C. §§ 1332, 1441, 1446, and D.C.COLO.LCivR.81.1. As discussed below, removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Promptly after filing this Notice of Removal, UPS will provide written notice of the removal to Plaintiff and the Clerk of the District Court for Adams County, Colorado, as required by 28 U.S.C. § 1446(d).

7. Venue is proper in the United States District Court for the District of Colorado, because it is the "district and division embracing the place where [this] action is pending." 28

---

[1] Plaintiff filed his Motion to Proceed in Forma Pauperis on February 11, 2026, under seal, in the State Action. *See* Ex. A. Because the documents were filed under seal and UPS has not entered an appearance in the State Action or otherwise responded, UPS is unable to provide a true and correct copy of Plaintiff's Motion to Proceed in Forma Pauperis. In lieu of Plaintiff's Motion to Proceed in Forma Pauperis, UPS has attached as Exhibit B to this Notice of Removal, a screenshot of the State Action docket showing that Plaintiff's Motion to Proceed in Forma Pauperis was indeed filed under seal and currently unavailable to UPS. *See* **Exhibit B**. UPS notes that the District Court for Adams County, Colorado granted Plaintiff's Motion to Proceed in Forma Pauperis in its February 11, 2026 Order. *See* Ex. C.

U.S.C. § 1441(a). The State Action is pending in the District Court for Adams County, Colorado. This Court includes and embraces Adams County. *See* 28 U.S.C. § 85. This Court is therefore the proper Court to which the State Action should be removed. *See* 28 U.S.C. § 1441(a).

8. Plaintiff filed his Complaint in the State Action on February 11, 2026. *See* Exs. A, D.

9. Plaintiff served UPS with the Summons, CCS, and a copy of his Complaint in the State Action on February 12, 2026. *See* Ex. G.

10. Therefore, this Notice of Removal is timely filed because it is filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-56 (1999) (holding that the deadline for removal does not begin to run until the defendant receives formal service of a summons and complaint); *Jenkins v. MTGLQ Inv'rs*, 218 Fed. Appx. 719, 724 (10th Cir. 2007); *Alpine Bank v. Hubbell*, No. 05-CV-00026-EWN-PAC, 2005 WL 8172199, at *2 (D. Colo. Aug. 5, 2005) ("Pursuant to *Murphy*, the statutory period [for removal] began when Defendants received a copy of the complaint, after being properly served.").

B. **Grounds for Removal – Diversity of Citizenship and Amount in Controversy**

11. To meet the jurisdictional requirements for removal under 28 U.S.C. § 1441, UPS must establish complete diversity of citizenship and an amount in controversy that meets or exceeds the jurisdictional limit of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332.

12. This Court has original jurisdiction over the State Action pursuant to 28. U.S.C. § 1332 (diversity). There is complete diversity of citizenship among the parties. Plaintiff is a citizen of Colorado. Ex. D at ¶ 1. Defendant UPS is, and at the time of filing the Complaint was, a citizen of Ohio, where it is incorporated, and Georgia, where it has its principal place of business. *See* **Exhibit H** (Declaration of Ryan Swift).

13. UPS, the party seeking removal, is the sole defendant in the State Action. *See generally* Ex. D.

14. No defendant in the State Action is a citizen of the State of Colorado, which is where this State Action was brought. *See* 28 U.S.C. § 1441(b)(2).

15. In addition to complete diversity of citizenship, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

16. In Plaintiff's Civil Case Cover Sheet filed in the State Action, Plaintiff certified that he seeks "a monetary judgment of more than $100,000.00, exclusive of interest and costs." Ex. E at ¶ 2.

17. Therefore, this Court has diversity jurisdiction over the State Action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

18. Accordingly, the State Action is removable pursuant to 28 U.S.C. § 1441(a) and (b).

19. As mentioned above, after filing this Notice of Removal, UPS will promptly serve a copy of this Notice of Removal on Plaintiff and file a copy with the Clerk of Court for the District Court of Adams County, Colorado in accordance with 28 U.S.C. § 1446(d).

C. **Conclusion**

Because UPS timely filed its Notice of Removal, over which this Court has original jurisdiction, the State Action is properly removed to this Court. In filing this Notice of Removal, UPS does not waive, and specifically reserves, all defenses, exceptions, rights, and motions in response to Plaintiff's Complaint. No statement or omission shall be deemed to constitute admission by UPS of any of the allegations or damages sought in the Complaint.

WHEREFORE, UPS removes the State Action from the District Court for Adams County, Colorado to the United States District Court for the District of Colorado.

Dated: March 5, 2026

SNELL & WILMER L.L.P.

*s/Marcus A. Collins*
Marcus A. Collins
675 15th Street, Suite 1900
Denver, Colorado 80202
Facsimile: (303) 634-2020
Telephone: (303) 634-2151
E-mail: mcollins@swlaw.com
***Attorney for Defendant United Parcel Service, Inc.***

4898-6301-1474

# CERTIFICATE OF SERVICE

      I hereby certify that on March 5, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441** was electronically filed via CM/ECF, and served by e-mail and U.S. Mail on the following:

Christopher Baca
12294 Karls Lane,
Northglenn, CO 80241
Telephone: (720) 322-3778
Email: chewbaca453@yahoo.com
***Pro Se***

                                     *s/Nicole Wojciechowski*
                                      for Snell & Wilmer L.L.P.