# EXHIBIT D

26CV033

# DISTRICT COURT, ADAMS COUNTY, COLORADO

1100 Judicial Center Drive, Brighton, CO 80601

**Plaintiff:** Christopher Baca
12294 Karls Ln, Northglenn, CO 80241

v.

**Defendant:** United Parcel Service, Inc.

DATE FILED: February 11, 2026 3:18 PM
FILED IN ADAMS COUNTY COMBINED COURT
CASE NUMBER: 2026CV33
FEB 11 2026

## COMPLAINT AND JURY DEMAND (Pro Se)

### I. PARTIES

1. Plaintiff Christopher Baca is an individual residing in Adams County, Colorado.

2. Defendant United Parcel Service, Inc. ("UPS") is a corporation doing business in Adams County, Colorado and was Plaintiff's employer at all relevant times.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-301 et seq., and Colorado common law.

4. Venue is proper in Adams County because the unlawful employment practices occurred in Adams County, Defendant conducts business in Adams County, and Plaintiff resides in Adams County.

### III. ADMINISTRATIVE EXHAUSTION

5. Plaintiff timely filed a charge of discrimination and retaliation with the Colorado Civil Rights Division ("CCRD"), Complaint No. E2500026792.

6. The CCRD issued a Notice of Right to Sue.

7. This action is timely filed within all applicable statutory deadlines.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff began employment with UPS on or about January 15, 2018. His most recent position was Feeder Driver.

9. Plaintiff performed his job duties satisfactorily at all relevant times.

10. Beginning in or around 2021 and continuing thereafter, Plaintiff experienced and reported workplace misconduct including sexual harassment, sexual favoritism, and retaliatory treatment.

11. Plaintiff repeatedly engaged in protected activity by opposing and reporting sexual harassment and retaliation.

12. Plaintiff opposed workplace practices influenced by favoritism rather than merit.

13. Management dismissed or minimized Plaintiff's complaints.

14. Beginning in 2022 after Plaintiff officially reported sexual harassment using the UPS ethics hotline, Plaintiff's work was adversely affected, including being denied the opportunity to perform work assignments he had previously performed and for which he was qualified. In 2023, Plaintiff was subjected to repeated threats of discharge, including issuance of a "last and final warning." The adverse actions escalated thereafter, including the October 2024 removal and trespass from company property and the May 29, 2025 termination.

15. In October 2024, Plaintiff was subjected to a seven-hour interrogation by UPS security personnel, including Tim Hackmeyer and Adam Jones, without a meal break and involving inappropriate and intimidating remarks.

16. Plaintiff was accused of slander for describing the workplace as a "sex/social club" during protected grievance proceedings.

17. Around that same period, a dispatcher who is the daughter of the night manager about whom Plaintiff had made complaints filed allegations that Plaintiff was creating a hostile work environment. In or around October 2024, UPS removed Plaintiff from service and trespassed him from company property, citing complaints, grievances, and alleged "workplace violence."

18. UPS did not provide a consistent explanation for the October 2024 removal. Plaintiff returned in December 2024 without a clear explanation. In June 2025, UPS asserted the removal was for a fitness-for-duty examination and later claimed Plaintiff refused, though Plaintiff requested to complete any such evaluation and UPS declined.

19. Plaintiff filed a formal CCRD charge prior to May 2025.

20. UPS acknowledged receipt of the CCRD charge on May 28, 2025.

21. On May 29, 2025, UPS terminated Plaintiff's employment.

22. The close timing supports an inference of retaliation.

23. Plaintiff was reinstated with backpay in August 2025.

24. After reinstatement, retaliatory treatment continued.

25. As a result of Defendant's adverse actions, including removal from service and denial of work opportunities, Plaintiff's earnings were significantly reduced in 2024 and 2025 compared to prior years.

26. Plaintiff suffered severe emotional distress and psychological injury.

27. Plaintiff has been unable to work since January 27, 2026 due to workplace-related psychological harm.

28. Defendant acted willfully, wantonly, and outrageously.

## V. CLAIMS FOR RELIEF

Count I – Retaliation (CADA): Plaintiff engaged in protected activity and suffered materially adverse actions causally connected to that activity.

Count II – Hostile Work Environment (CADA): Defendant subjected Plaintiff to severe or pervasive retaliatory hostility.

Count III – Intentional Infliction of Emotional Distress: Defendant engaged in extreme and outrageous conduct causing severe emotional distress.

## VI. DAMAGES

Plaintiff seeks back pay, lost wages, front pay, emotional distress damages, pain and suffering, loss of earning capacity, medical and psychological damages, and punitive damages.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Christopher Baca
Plaintiff, Pro Se
Date: February 11, 2026

*/signed/ Christopher Baca*
2/11/2026