# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00901-NYW-SBP

CHRISTOPHER BACA

        Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

        Defendant.

---

## JOINT PROTECTIVE ORDER

---

**Hon. Susan Prose, United States Magistrate Judge.**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Designating Party" means a party who designates information as CONFIDENTIAL pursuant to this Protective Order.

4. As used in this Protective Order, "Receiving Party" means a party who receives information that is designated as CONFIDENTIAL pursuant to this Protective Order.

4903-0054-9799

5.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6.     CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the Designating Party or further Order of the Court, be disclosed except that such information may be disclosed to:

a.     attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b.     the parties, including their designated representatives and counsel;

c.     expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d.     the Court and its employees ("Court Personnel") and the jury at trial;

e.     stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f.     deponents, witnesses, or potential witnesses;

g.     the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

h.     anyone as otherwise required by law; and

i.     other persons by written agreement of the parties.

4903-0054-9799

7.    A Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of CONFIDENTIAL documents, materials, and/or information produced subject to this Protective Order, provided however that any such AI Model must protect the confidentiality of the information as required by this Protective Order.  A Receiving Party shall not submit or enter any CONFIDENTIAL documents, materials, and/or information received pursuant to this Protective Order to an AI Model that is open or available to the public, including ChatGPT, Google Gemini, Claude, or similar tools, where CONFIDENTIAL information is disclosed or could reasonably be re-identified. The Parties further expressly agree that no Receiving Party will submit any CONFIDENTIAL documents, materials, and/or information received pursuant to this Protective Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the CONFIDENTIAL documents, materials, and/or information for any purpose other than the prosecution or defense of this litigation. Before a Receiving Party submits CONFIDENTIAL documents, materials, and/or information received pursuant to this Protective Order to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such CONFIDENTIAL documents, materials, and/or information will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with this Protective Order. If a Receiving Party inadvertently submits or enters CONFIDENTIAL documents, materials, and/or information into an open or public AI model, the Receiving Party shall promptly notify the Designating Party.

8.    Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 6(c) (expert witnesses and consultants) or sub-paragraph 6(f) (deponents, witnesses, or potential witnesses), counsel (or in the case of a pro se party, that party) shall provide such

4903-0054-9799

person with a copy of this Protective Order and obtain from such person a written acknowledgment, attached as **Exhibit A**, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel or the party and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within **thirty days** after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty-day period has expired.

11.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the discovery dispute within **ten business days** after the time the notice is received, the parties shall **jointly** contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely

4903-0054-9799

pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.    Unless other arrangements are agreed upon in writing by the parties, within **thirty days** of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the Designating Party, or the Receiving Party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The Receiving Party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

13.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order. The Court will retain jurisdiction of enforcing this Protective Order once the case is closed.

14.    Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

4903-0054-9799

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.


DATED: 6th of May, 2026

BY THE COURT:

Susan Prose
United States Magistrate Judge

**<u>EXHIBIT A</u>**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], declare under penalty of perjury that I have been given a copy of the Protective Order dated _____, 2026, in *Baca v. United Parcel Service, Inc.*, No. 1:26-cv-00901-NYW-SBP, currently pending in the United States District Court, District of Colorado.

I understand that I am subject to the Protective Order, agree to be bound by all the terms of the Protective Order, and will comply with all its terms, including without limitation, my duty of non-disclosure of any information subject to the Protective Order except as authorized by the provisions of the Protective Order. I further agree to submit to the jurisdiction of United States District Court, District of Colorado, for the purpose of enforcing the terms of the Protective Order. I further acknowledge and agree that my duty to be bound by the terms of the Protective Order survives the termination of the above-referenced lawsuit.

_____                _____
Signature                                       Date

_____
Printed Name

4903-0054-9799