**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00901-NYW-SBP

CHRISTOPHER BACA

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

Defendant.

---

**DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO STAY PROCEEDINGS PENDING SUBSTITUTION OF PARTY PURSUANT TO Fed. R. Civ. P. 25(a)**

---

Defendant United Parcel Service, Inc. ("UPS") respectfully moves the Court for an order staying all proceedings and deadlines in this matter pending substitution of a proper party for Plaintiff or expiration of the ninety (90) day substitution period under Federal Rule of Civil Procedure 25(a)(1), whichever occurs first. Good cause exists because Plaintiff passed away on October 28, 2026 and no proper party has yet been substituted to prosecute his claims.

## <u>CERTIFICATION OF CONFERRAL</u>

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that UPS was unable to confer with Plaintiff Christopher Alan Baca, who was proceeding pro se, because he died on October 28, 2026. Counsel for UPS did confer with the personal

representative of Plaintiff's estate, Joni Baca, on Friday, November 20, 2026 and Ms. Baca indicated she had no objection to UPS's planned motion to stay.

## FACTUAL BACKGROUND

Plaintiff Christopher Alan Baca ("Mr. Baca"), who was proceeding pro se, died on October 28, 2026. *See* Exhibit A. On November 10, 2026, the Adams County District Court entered an Order for Informal Appointment of Personal Representative appointing Joni Baca ("Ms. Baca") as personal representative of his estate in Case No. 2026PR489. Exhibit A.

Ms. Baca filed a Suggestion of Death dated November 10, 2026. (Dkt. 61.) Because Ms. Baca is not a party to the lawsuit, UPS filed its own Suggestion of Death (Dkt. 62) on November 20, 2026. To date, no other party or successor to Mr. Baca has been substituted as Plaintiff in this action.

## ARGUMENT

Rule 25(a)(1) permits substitution of a proper party when a party dies and the claim is not extinguished, and provides ninety (90) days after service of a statement noting death to move for substitution. Fed. R. Civ. P. 25(a)(1), (3). A probate appointment does not itself accomplish substitution in this action; substitution requires an order under Rule 25(a)(1). The Court has inherent authority to stay proceedings in managing its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising that authority, the Court weighs competing interests and maintains an even balance. *Landis*, 299 U.S. at 254–55.

Colorado case law supports holding litigation in abeyance following a party's death while a proper representative is brought before the court. In *Williams v. Carr*, 4 Colo. App. 363, 366 (1894) addressing a surviving claim under Colorado's then-applicable Civil Code, the court explained that, upon the plaintiff's death, the suit would "remain in abeyance a reasonable time" until a representative could be appointed and qualified, after which the representative could be substituted and the suit could proceed to judgment.

Plaintiff's death and the absence of a substituted party provide good cause for a temporary stay. Proceeding with litigation and deadlines before substitution would require the case to move forward without a proper party prosecuting Plaintiff's case. A stay will preserve the status quo and allow the personal representative or proper party an opportunity to seek substitution before further litigation proceeds.

This is not a request to delay litigation merely because further proceedings may be inconvenient. Plaintiff was proceeding pro se and can no longer participate in the action. Without substitution, there is no plaintiff able to respond to litigation obligations in Mr. Baca's place, including conferral and conference obligations. The immediate issue is who will proceed in Plaintiff's place, not the merits of his claims. A temporary stay will allow that threshold issue to be addressed before further substantive litigation proceeds.

The requested stay also serves the interests of the estate, UPS, and the Court. Requiring UPS to continue litigating without a substituted plaintiff would be inappropriate, particularly because no party may ever be substituted to pursue Plaintiff's claims. It preserves the estate's opportunity to participate through a proper party, avoids unnecessary litigation over obligations that cannot presently be addressed by a

substituted plaintiff, and conserves judicial resources. Its duration is tied to substitution or expiration of the applicable Rule 25(a)(1) period, whichever occurs first. Because substitution-related filings and proceedings remain permitted, the stay will facilitate the step needed for orderly litigation rather than impede it.

## CONCLUSION

UPS therefore requests an Order staying all proceedings and deadlines pending substitution of a proper party for Plaintiff or expiration of the ninety (90) day substitution period under Rule 25(a)(1), whichever occurs first. A separately captioned proposed order is submitted with this motion.

Dated: November 20, 2026

SNELL & WILMER L.L.P.

*s/Marcus A. Collins*

Marcus A. Collins
675 15th Street, Suite 2500
Denver, Colorado 80202
Facsimile: (303) 634-2020
Telephone: (303) 634-2151
E-mail: mcollins@swlaw.com

Benjamin J. Naylor
One East Washington Street, Ste. 2700
Phoenix, Arizona 85004-2556
Facsimile: (602) 382-6070
Telephone: (602) 382-6000
E-mail: bnaylor@swlaw.com

***Attorneys for Defendant United Parcel Service, Inc.***

## CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE ("AI") FOR DRAFTING

The undersigned counsel certifies that generative artificial intelligence was used to assist in drafting this filing.

SNELL & WILMER L.L.P.

*s/Marcus A. Collins*

Marcus A. Collins
675 15th Street, Suite 2500
Denver, Colorado 80202
Facsimile: (303) 634-2020
Telephone: (303) 634-2151
E-mail: mcollins@swlaw.com

Benjamin J. Naylor
One East Washington Street, Ste. 2700
Phoenix, Arizona 85004-2556
Facsimile: (602) 382-6070
Telephone: (602) 382-6000
E-mail: bnaylor@swlaw.com

***Attorneys for Defendant United Parcel Service, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing **DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO STAY PROCEEDINGS PENDING SUBSTITUTION OF PARTY PURSUANT TO Fed. R. Civ. P. 25(a)** was electronically filed via CM/ECF, and served by e-mail and U.S. Mail on the following:

Joni Baca
4757 Whitehall Lane
Highlands Ranch, CO 80126
Telephone: (720) 840-5005
Email: mejoni@comcast.net
***Personal Representative of Christopher Baca***

*s/Nicole Wojciechowski*
for Snell & Wilmer L.L.P.